UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 8:19-cr-504-MSS-CPT

BRADLEY DIEFFENBACHER

**SENTENCING MEMORANDUM**

The United States files this sentencing memorandum requesting that the Court sentence defendant Bradley Dieffenbacher to a mandatory term of 45 years' imprisonment followed by a lifetime of supervision.

**I.  Procedural History**

On October 23, 2019, a federal grand jury returned a five-count Indictment, charging Dieffenbacher with two counts of enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of penalties for registered sex offenders, in violation of 18 U.S.C. § 2260A. Doc. 108.

On March 25, 2021, Dieffenbacher pleaded guilty to all five counts of the Indictment. Doc. 103. Counts One and Two carry a mandatory minimum term of imprisonment of 10 years up to life imprisonment and a term of supervised release of five years up to life. Counts Three and Four carry a mandatory minimum term of imprisonment of 35 years up to life imprisonment and a term of supervised release of five years up to life. Count Five carries a mandatory 10-year term of imprisonment to

run consecutive to any other counts. The court adjudicated Dieffenbacher guilty and scheduled his sentencing hearing for December 16, 2021. Docs. 104, 114.

## II. Presentence Investigation Report

On July 15, 2021, probation issued its Final Presentence Investigation Report (PSR) as to Dieffenbacher. Doc. 108. Pursuant to the PSR, Dieffenbacher's applicable Guidelines range for the underlying offenses is 45 years to life; he has a criminal history category of V; and the applicable period of supervised release is five years to life. Because the statutorily authorized sentence is less than the minimum of the applicable guideline range, the guideline term of imprisonment is 420 months, followed by a consecutive 120 months. PSR at ¶¶ 113, 114.

## III. Background

### A. Offense Conduct

Beginning at least as far back as December, 2018, Dieffenbacher, a two-time convicted sex offender, began posing online as a female in order to entice minors to produce and send Dieffenbacher child pornography online. From December 2018 through August 2019, Dieffenbacher repeatedly tricked multiple minors into sending him child pornography, by lying to the minors about his identity and age. In order to trick some of the minors into believing Dieffenbacher was someone other than a middle-aged male, Dieffenbacher sent nude pictures of another female.

As outlined in the PSR, Dieffenbacher sought out and befriended underage males on Facebook. Dieffenbacher's fake Facebook profile depicted a female appearing to be in her early 20's, living in Port Richey, Florida, and single.

Dieffenbacher repeatedly engaged in conversations with victims, ranging in age from 13 to 15 years old. During their conversations, Dieffenbacher would ultimately convince his victims to send nudes and in some instances, videos of the victims masturbating. In exchange, Dieffenbacher would send nude images of unidentified females who Dieffenbacher purported to be his fake Facebook identity.

Dieffenbacher's criminal behavior continued until H.M., a 13-year-old male and his mother located in Ohio, came forward with allegations of abuse. Ultimately, law enforcement was able to locate Dieffenbacher as the person behind the fake Facebook account, with the assistance of information included in his sex offender registration documents. When confronted by law enforcement regarding his activity on Facebook, Dieffenbacher denied the fake Facebook account.

### IV.     Objections to the Presentence Investigation Report[1]

#### A.     H.M. was 13 years old at the time of the criminal conduct.

Contrary to Dieffenbacher's assertion that H.M. was 16 years old at the time of the offense conduct, investigative reports state otherwise. Specifically, H.M. was the first victim discovered in Ohio when H.M.'s mother discovered concerning images on H.M.'s cellular phone. H.M. and H.M.'s mother were subsequently interviewed by law enforcement in Ohio and law enforcement reports were generated. In those reports, H.M.'s age is clearly stated as being approximately 13 years old at the time of the offense conduct. These reports were forwarded to federal

---

[1] On September 7, 2021, counsel for Dieffenbacher sent objections to probation. Because these objections post-date the filing of the final PSR, Dieffenbacher's objections have not previously been addressed in the record.

agents in the Middle District of Florida, who also confirmed H.M.'s age as being 13. All of these reports have been provided to Dieffenbacher in discovery. Additionally, Agent Daniel Stewart is prepared to provide sworn testimony at sentencing regarding his findings of H.M.'s age, if necessary.

### B. Pursuant to 18 U.S.C. § 2251(e), the mandatory minimum sentence for Counts Three and Four is 35 years imprisonment.

Pursuant to 18 U.S.C. § 2251(e), any individual who violates 18 U.S.C. 2251(a), and who has two or more prior convictions under the laws of any State relating to the sexual exploitation of children, shall be imprisoned for not less than 35 years nor more than life. Dieffenbacher has two prior sex offense convictions relating to the sexual exploitation of children:

- Attempted Use of a Child in a Sexual Performance, on June 6, 2008, in Queens County, NY
- Disseminating Indecent Materials to Minors, on October 6, 2010, in Nassau County, NY

Based on these convictions, the United States submits that the defendant is facing a 35-year mandatory minimum sentence, as to Counts Three and Four. As outlined in the PSR, each of these convictions clearly involve the sexual exploitation of minors. PSR at ¶¶ 74, 75. Without even consulting the PSR, in name alone, the convictions obviously involve the sexual victimization of minors.

### V. Argument for a Guideline Sentence

The facts of this case and Dieffenbacher's conduct are utterly repulsive and demand a 45-year prison sentence. This sentence is necessary due to the nature and

circumstances of the offenses, and for both deterrence of these crimes and for the protection of the public against Dieffenbacher. *See* 18 U.S.C. § 3553(a).

The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891–92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Dieffenbacher; and to provide Dieffenbacher with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a guidelines sentence.

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offenses are despicable. Dieffenbacher trolled the internet to find vulnerable minors to extort for self-produced child

pornography. Dieffenbacher pretended to be a female and coerced minors to produce and distribute child pornography for his own sexual gratification.

In this case, the nature and circumstances of the offense are egregious and weigh heavily against Dieffenbacher. Additionally, as outlined in the PSR, Dieffenbacher has previously been convicted for doing virtually the same thing. In 2008, Dieffenbacher coerced at least eight minors between the ages of 12 and 13 into sending him masturbation videos. PSR at ¶ 74. Less than two years later and while on parole for his previous sex conviction, Dieffenbacher was convicted a second time for sexually exploiting minors when he again engaged a minor online in an attempt to get the minor to send him masturbation videos. PSR at ¶ 75.

The pervasiveness of Dieffenbacher's sexual exploitation clearly demonstrates that Dieffenbacher is a predator who has obsessively and repeatedly victimized children for years. The nature and circumstances of the offense, coupled with Dieffenbacher's criminal history, dictate the need for a guideline sentence.

### B. Seriousness of the Crime, Promote Respect for the Law, and Need for Just Punishment

As the Eleventh Circuit explained in a child exploitation case, "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses. … " *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy

sentences in cases involving child sex crimes as substantively reasonable). Congress has explained that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75–76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens … " this Court should impose a guideline sentence. *Irey*, 612 F.3d at 1206.

The Supreme Court has discussed the grave and enduring harms inflicted upon minors who are victims of sexual abuse. "Long-term studies show that sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." *Kennedy v. Louisiana*, 554 U.S. 407, 128 S. Ct. 2641, 2677 (2008). The significant harms inflicted by Dieffenbacher's conduct demonstrate the seriousness of the offense and the need for a guideline sentence.

    **C.**    **Adequate Deterrence to Criminal Conduct and Need to Protect the Public from Further Crimes of Dieffenbacher**

Moreover, the deterrence factor is "particularly compelling in the child pornography context." *United States v. Pugh*, 515 F.3d 1719, 1194 (11th Cir. 2008).

The Seventh Circuit has explained why deterrence is so important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *Id*. at 672. If sentences are more severe, like-minded individuals

will be deterred, and the incarceration of those convicted of such crimes will help to protect the public. Furthermore, the Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class … " *Smith v. Doe*, 538 U.S. 84, 103 (2003). Dieffenbacher's pattern of sexual exploitation of minors is evidence of his recidivism. With this conviction, Dieffenbacher is now a three-time convicted sex offender. Dieffenbacher's second conviction occurred while he was on parole for his first sex conviction. Clearly, this is not an individual who is safe in the community and no amount of deterrence or safeguards will protect the public, as evidenced by Dieffenbacher's criminal history. Accordingly, there is a strong need to protect the public from further crimes of Dieffenbacher.

  In an effort to abate similar conduct in the future, this Court should impose a severe sentence that will serve as a warning to individuals considering similar conduct. A lengthy sentence will deter comparable activities. Moreover, there is a strong need to protect the public from further crimes of this defendant. Dieffenbacher has repeatedly sexually abused children, using deceptive practices of disguising his identity so as to trick minors into engaging with him sexually. Dieffenbacher has demonstrated no signs of changing his sexually exploitive ways, and he continues to pose a serious danger to society. By repeatedly sexually exploiting minors, Dieffenbacher has demonstrated the necessity for a guideline sentence.

**VI.      Conclusion**

Dieffenbacher's sentence should fairly account for the history of Dieffenbacher's predatory nature and the scope of Dieffenbacher's criminal endeavors, acknowledge the harm that he has caused to the child victims, and acknowledge the severe ramifications of his actions. For the aforementioned reasons, the United States respectfully requests that this Court issue a guideline sentence based on the nature and circumstances of these offenses.

>  Respectfully submitted,
> 
>  KARIN HOPPMANN
>  Acting United States Attorney
> 
>  By:   */s/ Candace Garcia Rich*
>        Candace Garcia Rich
>        Assistant United States Attorney
>        Florida Bar No. 027792
>        400 N. Tampa Street, Ste. 3200
>        Tampa, FL 33602-4798
>        Telephone: (813) 274-6000
>        Facsimile: (813) 274-6178
>        E-mail: candace.rich@usdoj.gov

U.S. v. Dieffenbacher                                    Case No. 8:19-cr-504-MSS-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    A. Fitzgerald Hall, Esq.

                                        */s/ Candace Garcia Rich*
                                        Candace Garcia Rich
                                        Assistant United States Attorney
                                        Florida Bar No. 027792
                                        400 N. Tampa Street, Ste. 3200
                                        Tampa, FL 33602-4798
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6178
                                        E-mail: candace.rich@usdoj.gov